**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

REA GIRT,                                               )        CASE NO.  5:09-cv-1218
                                                              )
        Plaintiff,                                  )
                                                              )        MAGISTRATE JUDGE VECCHIARELLI
        v.                                               )
                                                              )
                                                              )
MICHAEL J. ASTRUE,                           )
   Commissioner of Social Security,        )        **MEMORANDUM OPINION & ORDER**
                                                              )

        Defendant.

Claimant, Rea Girt ("Girt"), challenges the final decision of the Commissioner of Social Security ("Commissioner"), denying Girt's applications for a period of Disability Insurance Benefits ("DIB") under Title II Of the Social Security Act, 42 U.S.C. § 416 (i), and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 423 and 42 U.S.C. § 1381(a).  This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).  This case is before the undersigned United States Magistrate Judge pursuant to the consent of the parties entered under the authority of 28 U.S.C. § 636(c)(2).

For the reasons set forth below, the final decision of the Commissioner is AFFIRMED.

## I.  Procedural History

Girt filed her applications for DIB and SSI on November 4, 2004 alleging disability beginning March 31, 2004.  Her applications were denied initially and upon reconsideration.  Girt timely requested an administrative hearing.

Administrative Law Judge ("ALJ"), Judith M. Stolfo, held a hearing on June 23, 2008, at which Girt, who was represented by counsel, and Elaine Kogliono, vocational expert ("VE") testified.  The ALJ issued a decision on July 18, 2008, in which she determined that Girt was not disabled.  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied further review.  Girt filed an appeal to this Court.

On appeal, Girt claims the ALJ erred in finding that jobs exist in significant numbers in the national economy that Girt can perform.  The Commissioner disputes Girt's claim.

## II.  Evidence[1]

### A.  Personal and Vocational Evidence

Girt was born on June 15, 1962.  (Transcript ("Tr.") 43, 415).  She was 46 years old at the time of her hearing.  (Tr. 433).  Girt  has a high school education.  (Tr. 84). Girt has past relevant work as a bookkeeper, cashier, office manager, and waitress. (Tr. 79, 86).

---

[1]Because plaintiff has not challenged the ALJ's residual functional capacity ("RFC") finding, the medical evidence is not outlined.

**B. Hearing Testimony**[2]

The ALJ proposed two relevant hypothetical questions to the VE.[3]  In the first

hypothetical question, the ALJ asked the VE to assume an individual with the same age,

education, and work experience as Girt, who can: (1) occasionally lift 20 pounds, and

frequently lift 10 pounds; (2) stand and walk for six hours out of an eight-hour workday;

and (3) occasionally reach, including overhead, with her dominant right hand but who

cannot reach, including overhead with her left hand.  Additionally, the individual is

moderately limited in her ability to: (1) understand and remember detailed instructions;

(2) carry out detailed instructions; (3) interact appropriately with the general public; (4)

accept instructions; and (5) respond appropriately to criticism.  (Tr. 445).

The VE testified that such an individual would not be able to perform Girt's past

work.  However, such an individual could do general clerical work for which there are

6,000 positions in Ohio and 350,000 positions nationally.  The individual could also do

inspector work for which there are 8,000 positions in Ohio and 500,000 positions

nationally.  (Tr. 445).

The ALJ then asked the VE to consider an individual with the same age,

education, and work experience as Girt who:  (1) cannot lift with her left hand, but can

otherwise lift 10 pounds occasionally and less than 10 pounds frequently; (2) can walk

and stand for four hours out of an eight- hour work day; (3) can sit for six hours out of an

---

[2] Because plaintiff's appeal is limited to challenging the ALJ's finding that a significant number of jobs exist in the national economy that plaintiff can perform, the summary in this opinion of the hearing testimony is limited to testimony related to this issue.

[3] The ALJ proposed a third hypothetical question, however, none of the limitations contained therein were incorporated into Girt's RFC.  (Tr. 17, 447).

eight-hour workday; (4) needs a sit/stand option; (5) cannot push or pull with her upper left extremity; (6) can occasionally climb, balance, and stoop, but cannot kneel, crouch, an crawl; (7) cannot reach, including overhead or handle with her left hand; (8) must avoid temperature extremes, humidity, vibrations, hazards, and rate-paced production; and (9) has the same mental limitations as set forth in the first hypothetical.  (Tr. 445-446).

The VE testified that such an individual could do the same jobs she previously identified, but at a reduced amount, *i.e,* office worker, 1,100 jobs in Ohio and 70,000 jobs nationally; and inspector, 400 jobs in Ohio, and 25,000 jobs nationally.  (Tr. 446).

Girt's counsel then asked the VE to consider an individual with the same vocational profile and limitations as set forth in the ALJ's second hypothetical with the following additional limitations: (1) she is limited to simple, routine tasks; (2) she has some interference with concentration and persistence; (3) she is  limited to performing two step tasks; and (4) she requires a low stress environment with limited interactions with others.  (Tr. 447-448).

The VE testified that the additional limitations would eliminate the office worker position.  However, the VE testified that she would add instead a surveillance system monitor position, for which there are 250 jobs in Ohio and 15,000 jobs nationally.  (Tr. 448).

Girt's counsel then asked the VE to add the limitation of only occasional fine finger manipulation with the left hand.  The VE testified that the additional limitation would reduce the number of inspector positions by 10 percent, *i.e.*, 350 positions in Ohio and 20,000 positions nationally.  (Tr. 448-449).

4

### III.  Standard for Disability

A claimant is entitled to receive benefits under the Act when she establishes disability within the meaning of the Act.  20 C.F.R. § 416.905; *Kirk v. Sec'y of Health & Human Servs.,* 667 F.2d 524 (6th Cir. 1981).  A claimant is considered disabled when she cannot perform "substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  20 C.F.R. § 416.905(a).  To receive SSI benefits, a recipient must also meet certain income and resource limitations.  20 C.F.R. § 416.1100 and 20 C.F.R. § 416.1201.

The Commissioner reaches a determination as to whether a claimant is disabled by way of a five-stage process.  First, the claimant must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.  Second, the claimant must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities."  Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, the claimant is presumed to be disabled regardless of age, education or work experience. 20 C.F.R. § 404.1520(d) and 20 C.F.R. §416.920(d).  Fourth, if the claimant's impairment does not prevent her from doing her past relevant work, the claimant is not disabled.  For the fifth and final step, even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that the claimant can perform, the claimant is not disabled. *Abbott v. Sullivan,* 905 F.2d 918, 923 (6th Cir. 1990).

5

## IV.  Summary of Commissioner's Decision

The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2009.

2. The claimant has not engaged in substantial gainful activity since March 31, 2004, the alleged onset date....

3. The claimant has the following severe impairments: affective disorder, alcohol abuse, thoracic outlet syndrome, idiopathic tremor of the left upper extremity and chronic back pain....

4. The claimant does not have an  impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525,404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can lift less than 10 pounds frequently but no weight with her nondominant left arm; she can sit, stand, and walk each for only 4 hours in a workday; she needs to be able to sit and stand at will; she can occasionally climb, balance, and stoop but never kneel, crouch or crawl; she cannot use her left upper extremity for reaching or handling; she should avoid concentrated exposure to extremes of temperature and humidity, vibrations and hazards, she cannot maintain a rate pace production.  The claimant is limited to simple, unskilled work in a low stress environment where she will not be required to have more than occasional interaction with the general public.

6. The claimant is unable to perform any past relevant work....

7. The claimant was born on June 15, 1962 and was 41 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date....

8. The claimant has at least a high school education and is able to communicate in English....

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled",

whether or not the claimant has transferable job skills....

10. Considering the claimant's age, education, work experience, and  residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform....

11. The claimant has not been under a disability, as defined in the Social Security Act, from March 31, 2004  through the date of this decision....

(Tr.16,17,20,21).

## V.  Standard of Review

This Court's review is limited to determining whether there is substantial evidence in the record to support the administrative law judge's findings of fact and whether the correct legal standards were applied.  *See Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("decision must be affirmed if the administrative law judge's findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision."); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).  Substantial evidence has been defined as "[e]vidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Richardson v. Perales*, 402 U.S. 389 (1971).

## VI.  Analysis

Girt alleges that substantial evidence does not support the ALJ's finding that a significant number of jobs in the national economy exist for which Girt is qualified.  The Commissioner disputes this claim.

In this Circuit, the decision of whether work exists in significant numbers is a "decision [that] should ultimately be left to the trial judge's common sense in weighing the statutory language as applied to a particular claimant's factual situation." *Hall v. Bowen,* 837 F.2d 272, 275 (6th Cir. 1988). In making this determination, the judge should consider many criteria, some of which may include:  the level of claimant's disability; the reliability of the vocational experts testimony; the reliability of the claimant's testimony; the distance the claimant is capable of traveling to engage in work; the isolated nature of the jobs; and the types and availability of such work.  *Hall*, at 275.  The determination of whether work exists in significant numbers can be determined with reference to either the national economy or a local/regional area. *Harmon v. Apfel,* 168 F.3d 289, 292 (6th Cir. 1999).

A VE's testimony can constitute substantial evidence to support an ALJ's finding that there exists a significant number of jobs in the national economy that the claimant can perform, provided that the VE's testimony is in response to the ALJ's hypothetical question that accurately portrays the claimant's abilities.  *Davis v. Secretary of Health and Human Servs.,* 915 F.2d 186, 189 (6th Cir. 1990).

In the instant case, Girt does not challenge the accuracy of the hypothetical upon which the VE's testimony is based,[4] nor does she challenge the ALJ's RFC finding.

---

[4] Girt suggests in footnote 3 of her Brief on the Merits (Doc. # 14) that it is not clear that any of the VE's responses match directly with the ALJ's ultimate RFC finding and, therefore, the VE's testimony may not constitute substantial evidence.  Upon review of the ALJ's hypothetical questions, the VE's response, and the RFC finding, the Court finds that there is one discrepancy.  The RFC limits Girt to sitting, standing, and walking each for only four hours.  However, the greatest sitting limitation presented to the VE was a six hour limitation.  Despite this discrepancy, the VE's testimony may still constitute substantial evidence because the RFC finding contains a sit/stand option and, therefore, Girt would not be required to sit for six hours to perform any of the jobs.

Rather, Girt argues that the number of jobs identified by the VE does not constitute a

significant number of jobs in the national economy.  Girt's argument is two-fold.  First,

Girt argues that the number of jobs identified is *per se* insignificant.  Alternatively, she

argues that the factors set forth in *Hall* support the conclusion that, based on the facts in

this case, the number of jobs is insignificant.

The VE testified that an individual with Girt's limitations could perform the job of

surveillance system monitor, for which there are 250 jobs in Ohio and 15,000 jobs

nationally; or inspector, for which there are 350 jobs in Ohio and 20,000 jobs nationally.

The number of jobs identified by the VE is sufficient evidence for the ALJ to determine

that work existed in significant numbers that Girt could perform. *See Harmon,* 168 F.3d

at 291, 293 (finding that 700 jobs locally and 700,000 nationally constituted a significant

number of jobs); *Kappesser v. Commissioner of Social Security,* No. 95-5387, 1995 WL

631430, at **4 (6th Cir. Oct. 26, 1995) (finding that 422 jobs locally constituted a

significant number of jobs); *Taylor v. Chater,* No. 95-5157, 1995 WL 592031, at **1 (6th

Cir. Oct. 5, 1995) (finding that 640 jobs locally constituted a significant number of jobs);

*Bishop v. Shalala,* No. 94-5375, 1995 WL 490126, at **2-3 (6th Cir. Aug. 15, 1995)

(finding that 6,100 jobs nationally constituted a significant number of jobs); *Lewis v.

Secretary of Health and Human Servs.,* No. 94-1807, 1995 WL 124320, at **1 (6th Cir.

March 22, 1995) (finding that 14,000 jobs nationally constituted a significant number of

jobs); *Weaver v. Secretary of Health and Human Servs.,* No. 94-5060, 1994 WL

419627, at **1 (6th Cir. Aug. 10, 1994) (finding that 500 jobs within a 150 mile radius of

the claimant's home, i.e., the local economy, constituted a significant number of jobs);

9

*Stewart v. Sullivan*, No. 89-6242, 1990 WL 75248, at \*4 (6th Cir. June 6, 1990) (finding that 125 jobs locally and 400,000 nationally constituted a significant number of jobs); *Trimiar v. Sullivan*, 966 F.2d 1326, 1331-32 (10th Cir. 1992) (finding that 900-1100 jobs statewide constituted a significant number of jobs); *Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir. 1988) (finding that 500 jobs regionally constituted a significant number of jobs); *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987) (finding that 174 jobs locally, 1,600 statewide, and 80,000 nationally constituted a significant number of jobs); *Nix v. Sullivan*, 744 F.Supp. 855, 863 (N.D. Ind. 1990) (finding that 675 jobs locally constituted a significant number of jobs).  Therefore, the number of jobs identified by the VE is not *per se* insignificant.

Moreover, analysis of the *Hall* factors supports the ALJ's determination that a significant number of jobs exist that Girt can perform.  The ALJ's findings, which have not been challenged by Girt, indicate that Girt's level of disability is not extreme.  The ALJ's found that Girt suffered from chronic pain, tremor, and numbness/weakness in her left arm; and chronic, mild, depression.  (Tr. 19).  These conditions, and the limitations based thereon, do not suggest that Girt's disability is extreme.

Girt did not object to the VE's qualifications, nor the reliability of her testimony at the hearing.  However, she now alleges that the VE's testimony is unreliable because the VE was trained in Massachusetts and is, therefore, unqualified to testify as to the number of jobs in Ohio.  Girt has failed to explain how the location of the VE's training impacts the reliability of  her testimony, nor has she provided any evidence to support her claim.

Conversely, the record indicates that Girt's testimony is not entirely reliable.  The

10

ALJ made adverse credibility findings with respect to Girt's testimony.  Specifically, the ALJ found that Girt's complaints of constant, incapacitating pain and/or depression were not reasonably consistent with the medical findings, nor sufficiently credible as additive evidence to support a finding of disability.  The ALJ noted that Girt's, "ability to manage a wide range of daily activities, including attending college classes in order to obtain her bachelor's degree, belies her allegation of total disability."  (Tr. 19).

Girt did not testify at the hearing regarding her ability to travel, nor did the ALJ make any findings specific to this issue.  However, Girt stated in two daily functioning reports that she travels by walking, driving a car, and riding in a car.  (Tr. 66, 99).  This evidence contradicts Girt's claim that she would not be able to travel to work.

Lastly, there is no evidence that the available jobs are isolated.  Girt argues that although the VE did not testify as to the isolated nature of the jobs, '[i]t can be extrapolated from the numbers ...that in a state of 11,485,910 residents across 40,948 square miles, jobs numbering 600 statewide certainly could be considered isolated in nature and not abundantly available."[5]  (Plaintiff's Brief on the Merits p. 7)  Girt's argument misses the mark.  Jobs are considered isolated when they exist only in very limited numbers in relatively few locations outside the region where the claimant lives.  _Hall v. Bowen_, 837 F.2d 272, 275 (6th Cir. 1988)  (citing 20 C.F.R. § 404.1566(b))  Moreover, "'work which exists in the national economy' means work that exists in significant numbers either in the region where such individual lives _or in several regions of the country_."  _Hall, supra._ at 274-275 citing 42 U.S.C. § 423(d)(2)(A) (emphasis added)  Girt's analysis does not address this standard.

---

[5] Girt argues that the same analysis applies to 30,000 jobs nationwide.

11

## VII.  Decision

For the foregoing reasons, the decision of the Commissioner is supported by

substantial evidence.  Accordingly, the decision of the Commissioner is AFFIRMED.


IT IS SO ORDERED.                                   s/*Nancy A. Vecchiarelli*
                                                     Nancy A. Vecchiarelli
                                                     U.S. Magistrate Judge


Date: March 12, 2010